ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-1759 T

(Judge Baskir)

FILED
SEP 2 2 2003
U.S. COURT OF
FEDERAL CLAIMS

---

RICHARD ORTT, *Pro Se*,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT AND AMENDED COMPLAINT

---

Defendant, the United States of America, by its attorneys, respectively moves the Court to dismiss plaintiff's complaint filed July 23, 2003, and entitled "An Application For Habeas Corpus Cum Causa Relief With Motion To Notice Interested Parties" and his amended complaint



6

served August 18, 2003, and entitled "Amended Complaint For A Refund Joined With An Application For Habeas Corpus Cum Causa Relief With A Motion To Notice Interested Parties" for lack of subject matter jurisdiction under RCFC 12(b)(1) and for failure to state a cause of action upon which relief can be granted under RCFC 12(b)(6).

In the instant case, the pro se plaintiff Mr. Ortt seeks to recover for himself overpayments of tax for the years 1992 through 1999, 2001, and 2002 of one of his clients, the nonparty taxpayer, Mr. John H. Vories, a resident of Santa Clarita, California, that he allegedly claimed on his Form 1040 income tax returns or amended Form 1040X amended returns filed with the Fresno, California, Service Center.[1] Plaintiff in his complaint

[1]The Form 1040X amended return for the year 1992 for the alleged overpayment of income taxes by the nonparty taxpayer, Mr. Vories, was appended by plaintiff Mr. Ortt to his amended complaint. The 1992 amended return reflects that plaintiff Mr. Ortt was the paid preparer. In the amended pleading for 1992 (at page 11), plaintiff Mr. Ortt demands that the alleged $4,133 overpayment of 1992 income taxes by the nonparty taxpayer, Mr. Vories, should be apportioned by the IRS with $1,033 paid to plaintiff and the remaining $3,100 paid to the nonparty taxpayer, Mr. Vories. For all of the remaining years in question,1993 through 1999, 2001, and 2002, the claims for refund for the alleged overpayment of income taxes by the nonparty taxpayer, Mr. Vories, were not appended by plaintiff Mr. Ortt to his pleadings. As to these tax years, plaintiff Mr. Ortt demands payment directly to him of the entire alleged income tax

(Compl. 8, 14, 19, 22, 26, 32, 35, 38, and 41) refers to himself as a "third party filer" who filed the tax refund claims of the nonparty taxpayer, Mr. Vories, with the Internal Revenue Service (IRS). Plaintiff alleges in his pleadings (Compl. 13-14; Amended Compl. 14) that he obtained ownership of the tax refund claims of the nonparty taxpayer under an assignment made by Mr. Vories on December 16, 2002, for which he paid consideration.[2] In addition to his tax refund claims, plaintiff Mr. Ortt makes demands for relief which are plainly outside of the Court's jurisdiction, including the issuance of a writ of habeas corpus to obtain a hearing to show that the wages and salary of his client, the nonparty taxpayer, Mr. Vories, are not subject to federal income tax, declaratory judgment and

---

overpayments by the nonparty taxpayer, Mr. Vories, as the assignee owner of his tax refund claims. Thus, plaintiff Mr. Ortt claims that he is entitled to receive alleged tax overpayments by the nonparty taxpayer, Mr. Vories, in the amounts of $15,042.06 for 1993 (Compl. pages 14-18), $10,071.81 for 1994 (Compl. pages 19-21), $15,444.59 for 1995 (Compl. pages 22-25), $8,236.30 for 1996 (Compl. pages 26-28), $15,157.51 for 1997 (Compl. pages 29-31), $1,032.37 for 1998 (Compl. pages 32-34), $500 for 1999 (Compl. 35-37), $3,968 for 2001 (Compl. pages 38-40), and $3,920 for 2002 (Compl. pages 41-43).

[2]In this connection, plaintiff Mr. Ortt alleges that "A contract exists with a taxpayer to represent the taxpayer before the IRS for the tax matters in the above listed action." (Compl. 13.)

injunctive relief "to stay the collection process under the internal-revenue laws" (Compl. 2) against the nonparty taxpayer, Mr. Vories, for the years in question, and tort relief of $250,000 in damages, apparently payable to plaintiff, for each alleged "illegal assessment" made by the IRS against the nonparty taxpayer. (Compl. 4; Amended Compl. 7.) Plaintiff also requests to have this Court provide notice of the respective litigation to the Honorable Colin Powell, Secretary of State, the Director of the Fresno Service Center, as alleged interested parties in these proceedings, and to the nonparty taxpayer, Mr. Vories.

Although filing a complaint on behalf of the nonparty taxpayer, Mr. Vories, and making a demand to be paid as the assignee of his tax refund claims, plaintiff Mr. Ortt is not an attorney admitted to practice before this Court. Thus, he is not authorized to represent them in that capacity. Under the Rules of the United States Court of Federal Claims (RCFC), only attorneys admitted to the bar of this Court are permitted to file pleadings and represent other parties in proceedings before the Court. RCFC 83.1(a) provides that "[o]nly attorneys who are members of the bar of this court and who comply with these rules" are allowed to "enter an

appearance, file pleadings, and practice in this court". RCFC 83.1(c)(8) permits an individual "to represent oneself or a member of one's immediate family before the Court. Any other party, however, must be represented by an attorney who is admitted to practice in this court." Plaintiff Mr. Ortt has not demonstrated that he has met the obligations imposed by RCFC 83, and therefore he is not allowed to file a pleading and to appear on behalf of the taxpayer involved in this case.

Additionally, while the Tucker Act, 28 U.S.C. § 1491(a)(1), vests the Court of Federal Claims with jurisdiction to grant money judgments in tax refund suits, plaintiff Mr. Ortt lacks standing to file a tax refund suit in his own behalf, since he is not a taxpayer who is seeking a refund of taxes that were allegedly overpaid by him. Instead, plaintiff is a nontaxpayer, who is demanding a refund of alleged income tax overpayments that were paid to the IRS by the real party in interest, the actual nonparty taxpayer, Mr. Vories. It is well established that in order to maintain a tax refund suit under the Internal Revenue Code, the plaintiff must be a taxpayer who has overpaid his own taxes. The term "taxpayer" is applied in a strict sense as contemplated by the Internal Revenue Code, therefore, to the person who

pays, overpays, or is subject to pay his own personal income taxes. Economy Plumbing & Heating Co. v. United States, 200 Ct. Cl. 31, 37, 39, 470 F.2d 585, 589, 590 (1972) ("persons *who are not taxpayers* are not within the system and can obtain no benefit by filing the procedures prescribed for taxpayers, such as the filing of claims for refund"; "a nontaxpayer cannot overpay taxes and consequently there is no overpayment for him to claim by way of refund."); Ammex, Inc. v. United States, 52 Fed. Cl. 303 (2002), reconsideration denied, 52 Fed. Cl. 555 (2002) (purchaser of gasoline and diesel fuel for resale at its duty-free facility was not the "taxpayer" and did not have standing to file a tax refund suit and claim a refund of federal excise taxes imposed on such fuel allegedly in violation of the Export Clause, where the taxes in question were imposed on the fuel suppliers); Emerald International Corp. v. United States, 54 Fed. Cl. 674 (2002) (domestic coal broker who purchased coal for purposes of resale to various international customers lacked constitutional standing to assert a damage claim under the Export Clause, where the coal sales excise taxes in question were imposed on the coal producers).

Moreover, in the instant case, plaintiff's pleadings (Compl. 11; Amended Compl. 12) reflect that the nonparty taxpayer voluntarily assigned his tax refund claims to plaintiff for a consideration paid by him prior to the allowance of the claim. Plaintiff Mr. Ortt in his complaint demands payment to him as the assignee owner of the alleged income tax overpayment claims of the nonparty taxpayer for his tax years in question. Under these circumstances, plaintiff's argument is baseless, because it flatly violates the express prohibitions embodied in the Anti-Assignment Act, 31 U.S.C. § 3727, which specifically preclude the "transfer or assignment of any part of a claim against the United States Government or an interest in the claim". The statute further recites that an assignment of a claim may be made "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued".[3] The

---

[3]The Anti-Assignment Act, 31 U.S.C. § 3727, provides in pertinent part:

(a) In this section, "assignment" means - -

(1) a transfer or assignment of any part of a claim against the United States Government or an interest in the claim; or

(2) the authorization to receive payment for any part of

Supreme Court has referred to the statutory language of the Anti-Assignment Act as "broad" and "all-inclusive". United States v. Shannon, 342 U.S. 288, 292-293 (1952) (assignment of property damage claim by the vendors in sale of land to vendees held void under the Anti-Assignment Act).[4]

---

the claim.

(b) An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

[4]*Accord*, Wooten v. United States, 114 Ct. Cl. 608, 86 F. Supp. (1949), cert. denied, 339 U.S. 903 (1950) (assignment of income tax refund claims by the taxpayers for the years 1941 through 1943 to their attorney as payment for legal services made three years and eight months before their tax overpayments were determined, allowed, and certified by the Internal Revenue Service held null and void under Anti-Assignment Act and precluded recovery of tax overpayments by plaintiffs, the heirs and next of kin of decedent attorney); Kingsbury v. United States, 215 Ct. Cl. 136, 563 F.2d 1019 (1977) (Anti-Assignment Act was applicable to bar assignment of rights to funds by plaintiff's daughter-in-law to plaintiff where funds were seized by Government on her arrest and used to satisfy

Finally, the remaining demands for relief of the pro se plaintiff Mr. Ortt are clearly beyond the subject matter jurisdiction of this Court. Thus, the Federal Circuit recently has ruled that the habeas corpus statutory provisions do not include the Court of Federal Claims among those courts which are empowered to grant a writ of habeas corpus. Ledford v. United States, 297 F.3d at 1381. Moreover, the Tucker Act, 28 U.S.C. § 1491(a)(1), does not authorize the Court to grant declaratory judgment or injunctive relief of the type sought by plaintiff. United States v. King, 395 U.S. 1 (1969); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). In addition, the Anti-Injunction Act, 26 U.S.C. § 7421(a), specifically prohibits any court from granting such an injunction to restrain tax collection actions of the IRS. Betz v. United States, 40 Fed. Cl. 286, 291 (1998). Plaintiff's tort damage claims of $250,000 for each alleged illegal tax assessment against the nonparty taxpayer, Mr. Vories, also are outside the jurisdiction of this Court. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the United States Court of Federal Claims has jurisdiction

---

jeopardy tax assessment made against plaintiff's son).

"in cases not sounding in tort". Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir. 1988), cert. denied, 488 U.S. 1004 (1989). In addition, under § 7433 of the Internal Revenue Code of 1986 (26 U.S.C.), United States district courts are vested with exclusive jurisdiction in cases by taxpayers against the United States for civil damages for alleged unauthorized collection action by IRS personnel. Brown v. United States, 36 Fed. Cl. 290, 298 (1996), aff'd, 217 F.3d 858 (Fed. Cir. 1999).

Even if the Court had jurisdiction to adjudicate the tax refund claim, the legal argument underlying that claim, as presented by plaintiff Mr. Ortt[5], has no merit. It rests upon an erroneous application of the claim-of-right doctrine in 26 U.S.C. § 1341 and appears to be essentially a variation of a position that has been uniformly rejected by the courts - - i.e., that wages and compensation for personal services rendered are not subject to

[5]In the Form 1040X amended return for the year 1992, the nonparty taxpayer, Mr. Vories, contends (Amended Compl. 18) that his claim that his compensation for personal services is not subject to federal income taxation is based upon "[A] common law immunity which rendered any money earned from the right of accession immune from taxation". The nonparty taxpayer further asserts (Amended Compl. 18) that "Congress created a civil right in Title 28, United States Code, section 1341 which converted the common law immunity into a deduction taken from gross income".

federal income taxation. Ledford v. United States, 297 F.3d 1378, 1381-82 (Fed. Cir. 2002); United States v. Gerads, 999 F.2d 1255 (8th Cir. 1993); United States v. Connor, 898 F.2d 942, 943-44 (3rd Cir. 1990), cert. denied, 497 U.S. 1029 (1990); Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986); Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986).

WHEREFORE, defendant prays that its motion to dismiss plaintiff's complaint and amended complaint be granted, with costs assessed against plaintiff.

Respectfully submitted,

Robert N. Dorosin

ROBERT N. DOROSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief

David Gustafson
Of Counsel

September 22, 2003

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 22nd day of September 2003, been made on the pro se plaintiff by mailing a copy thereof, in a postage prepaid envelope, to the following address.

Mr. Richard Ortt, *Pro Se*
304 La Rue France, Suite 206
Lafayette, Louisiana 70508

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440